UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. CR 06-0169 MMC (BZ) |
| v. | ) |
| ALLAN BRUCE MEGLEN, | ) **ORDER SETTING RELEASE CONDITIONS** |
| Defendant. | ) |

The government's motion to detain the defendant Allan Bruce Meglen came before this court on March 29, 2006. The defendant was present in custody and represented by Steven Kalar. Robert Rees represented the government. Based on the information proffered by the parties and the Pretrial Services report, I find that while defendant presents a risk of non-appearance and a danger to the community, there are conditions of release which could adequately assure the court of his appearance and of the safety to the community. In so concluding I considered the following:

1. Defendant is charged with violating 18 U.S.C. §

1

1  2252(a)(4)(B), possession of child pornography, a crime of
2  violence as defined in 18 U.S.C. 3156.  Given his criminal
3  history, if convicted of this charge he may spend a good
4  portion of his remaining years in prison.  This alone would
5  provide him with some incentive to flee.  In addition, the
6  record reflects a failure to appear on a 1989 felony stolen
7  property charge.  In his favor, he self-surrendered, although
8  the government challenged the delay in his surrender.
9      2.   The defendant has mixed ties to northern California.
10 Defendant cares for his invalid 84 year old mother who lives
11 in Healdsburg.  While he claims to reside with her, the mother
12 told Pretrial Services that he often spends the night
13 somewhere else.  In addition to his mother, he has a son and
14 numerous siblings, many of whom live in northern California.
15 However, he seems to be estranged from them, with the possible
16 exception of half sister Joanne Stivi.  As of the hearing, the
17 mother was unwilling to post her home and Ms. Stivi was
18 unwilling to act as a surety.
19     3.   Defendant does not have a stable employment history.
20 Apart from some government benefits, his employment consists
21 of caring for his mother.
22     4.   Defendant suffers from Hepatitis C, back problems,
23 arthritis and depression.
24     5.   While these factors are sufficient to persuade me by
25 a preponderance of the evidence that he is a risk of flight, I
26 am satisfied that there are conditions which would reasonably
27 assure his appearance at trial.  His medical condition and the
28 needs of his mother favor his release.

    6.  Defendant has a troubling criminal history.  It begins at age 20, and includes at least five felony convictions and two misdemeanor convictions.  The most recent was a felony drug conviction in 2003.  The defendant also has parole violations and a probation revocation.  Essentially he has been in and out of the criminal justice system most of his life.  All this suggests that he may not be amenable to supervision.

    7.  While many of his convictions involve property crimes, it is well settled in the Ninth Circuit that such crimes can threaten the safety of the community.  <u>U.S. v Reynolds</u>, 956 F.2d 192 (9th Cir. 1992).

    8.  A substantial number of images of child pornography were found on his computer.

    9.  Given his lengthy criminal history, I find by clear and convincing evidence that he is a danger to the community.  While he has demonstrated some inability to respond to supervision, I note that he apparently completed a lengthy probation on his most recent conviction without incident.  Based on all the evidence presented, I agree with Pretrial Services that there are conditions of release which could reasonably assure the safety of the community.

    Mr. Meglen may be released on a $150,000 bond, secured either by the equity in his mother's home or by the signature of one or more viable sureties, with the following conditions:

    1.  The defendant shall report to Pretrial Services as directed;

    2. The defendant shall not travel outside the Northern

1  District of California;
2      3. The defendant shall submit to electronic monitoring;
3      4. The defendant shall surrender all passports and travel
4  documents;
5      5. The defendant shall not possess any firearm,
6  destructive device, or other dangerous weapon;
7      6. The defendant shall not consume alcohol to excess and
8  shall not use of possess any narcotic or controlled substance
9  without a legal prescription;
10     7. The defendant shall not change residence without prior
11 approval of Pretrial Services; and
12     8. The defendant shall have no access to the internet.
13     9. Defendant's contact with minors shall be restricted.
14     After advising defendant that I was prepared to release
15 him on these conditions, I was informed that defendant is not
16 prepared to accept these conditions at this time.  Defendant's
17 proposal, that he be released to a half way house on a
18 $150,000 bond secured by his signature, will not reasonably
19 assure his appearance or the safety of the community.  Since
20 he is not gainfully employed and has no assets, his signature
21 is no security, and living in a halfway house in Oakland (the
22 only one that might accept him given the nature of the
23 charges), would interfere or eliminate his ability to care for
24 his mother, which is one of the factors that favors his
25 release.  I offered defendant a choice of either continuing
26 the matter or making immediate findings which could then be
27 ///
28 ///

4

reviewed.  The defendant asked for findings.  Accordingly, I remanded him to the Marshal and ordered him detained.

Dated:   March 30, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\RELEASE\MEGLEN.wpd

5