KEVIN V. RYAN (CASBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7210
   Facsimile: (415) 436-7234
   Email: robert.rees@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>      Plaintiff,  )<br>                      )<br>   v.  )<br>                      )<br>ALAN BRUCE MEGLEN,  )<br>   a/k/a Jack Meglen,  )<br>      Defendant.  )<br>_____ )| No. CR 06 0169 MMC<br><br>**STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER RE:<br>DISCOVERY OF CHILD<br>PORNOGRAPHY** |

With the agreement of the parties, and with the consent of the defendant, the Court enters the following order:

_____Defendant is charged with an offense pertaining to the possession of child pornography, in violation of 18 U.S.C. § 2252. The United States will produce to counsel for the defendant in this case discovery, including digital media, that contains images of child pornography. Pursuant to the child victim privacy provisions of 18 U.S.C. § 3509(d) and Federal Rule of Criminal Procedure 16, the United States requests that disclosure of these materials be subject to the following restrictions:

1. Except when being actively examined for the purpose of the preparation of the defense of defendant Alan Bruce Meglen, the digital and/or paper media produced by the

United States to defense counsel, Mr. Steven Kalar, shall be maintained in a locked, safe, and secure drawer, cabinet, or safe which is accessible only to Mr. Kalar, members of his trial preparation working with him to prepare Mr. Meglen's defense, and his investigator. Mr. Kalar, members of his trial preparation team, and the investigator shall not permit any person access of any kind to the digital and/or paper media or information related to child victims except as set forth below.

2. The following individuals may examine the digital and/or paper media for the sole purpose of preparing the defense of defendant Alan Bruce Meglen and for no other purpose:

    a.    Counsel for the defendant, Steven Kalar;

    b.    Persons employed by the Office of the Federal Public Defender who are assisting with the preparation of Alan Bruce Meglen's defense;

    c.    Defendant Alan Bruce Meglen, but only in the presence of his attorney;

    d.    Any expert(s) retained on behalf of defendant Alan Bruce Meglen to assist in the defense of this matter; and

    e.    Any investigator(s) retained on behalf of defendant Alan Bruce Meglen to assist in the defense of this matter.

3. A copy of this order shall be maintained with the digital and/or paper media at all times.

4. All individuals other than Mr. Kalar and Alan Bruce Meglen who receive access to the materials pursuant to this Order, *prior to receiving access to the materials*, shall sign a copy of this Order acknowledging that:

    a.    They have reviewed the Order;

    b.    They understand all its contents;

    c.    They agree that they will only access the digital media for the purposes of preparing a defense for defendant Alan Bruce Meglen;

    d.    They will not make any copies of any image files within the digital media without further order of the Court;

     e.     They will not access the digital media from any computer that is connected to the Internet or to any local network; and

     f.     They understand that failure to abide by this Order may result in sanctions by this Court and in state or federal criminal charges for possession or dissemination of child pornography.

5. The orders referenced in paragraph 4 signed by persons employed by the Office of the Federal Public Defender who are assisting with the preparation of Alan Bruce Meglen's defense shall be maintained by the Federal Public Defender, Barry J. Portman, and shall be available for review by the Court upon the Court's request.

6. With regard to all other orders signed pursuant to paragraph 4, counsel for Alan Bruce Meglen, Mr. Kalar, shall promptly file signed copies of the Order, ex parte and under seal. The United States shall have no access to these signed copies without further order of the Court.

7. No other person may be allowed to examine the material without further court order. Examination of the digital and/or paper media shall be done in a secure environment which will not expose the materials to other individuals not listed above.

8. No copies of any image files contained in the digital and/or paper media may be made without further court order. The prohibition on copying includes, but is not limited to: (1) printing out images onto paper or film; and (2) duplicating the images in any digital format. Non-image files such as word processing files, e-mails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter.

9. The computer from which the digital media will be accessed shall not be connected to the Internet or to any other computer network.

10. Any pleadings that include or make reference to the above-described orders or their contents shall be filed under seal. Additionally, any pleadings containing images of child pornography shall be filed under seal.

11. Within five court days of the judgement and sentencing hearing in this matter, all material provided to defense counsel pursuant to this Order, and all other authorized

1 copies, if any, shall be returned to the United States.  The United States shall destroy
2 them.  If defendant believes that he must maintain the material for any reasons related to
3 appeal, defendant must seek authorization from the District Court within five days of the
4 sentencing and judgment in this matter.

6 IT IS SO STIPULATED:

                                      KEVIN V. RYAN
                                      United States Attorney

9 Dated:  April 18, 2006                 By:_____/s_____
                                      ROBERT DAVID REES
10                                       Assistant United States Attorney

12 Dated:  April 19, 2006                    _____/s_____
                                      STEVEN KALAR
13                                       Attorney for Defendant

15 IT IS SO ORDERED that disclosure of the above-described discovery materials shall be
16 restricted as set forth above.

19 Dated:__April 21, 2006_____            _____
                                      HON. MAXINE M. CHESNEY
20                                      United States District Court Judge